# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

LLOYD HAMM, SR.                                                    PLAINTIFF

V.                              4:05CV01820 JMM

JO ANNE B. BARNHART,
**Commissioner**
**Social Security Administration**                                 DEFENDANT

## ORDER

Plaintiff has appealed the final decision of the Commissioner of the Social Security

Administration (the "Commissioner") denying his claim for Supplemental Security Income

Benefits ("SSI") under Title XVI 42 U.S.C. §1382c(a)(3).

On January 3, 1995, Plaintiff protectively filed his application for supplemental security

income under Title XVI of the Act.  Plaintiff alleged a disability based upon a bad back, gout,

high blood pressure, blindness in one eye and depression.  (Tr. 96).  Plaintiff was born on

February 2, 1956 and has a general equivalence diploma.  Plaintiff's claim was denied at the

initial and reconsideration levels.  (Tr. 71-80).  On July 22, 1996, the ALJ issued an adverse

decision, concluding that Plaintiff was not disabled within the meaning of the Act.  (Tr.  204-10).

The Appeals Council granted Plaintiff's request for review and remanded the case back to the

ALJ.  On January 26, 1999, a different ALJ conducted a second hearing.  On March 24, 1999, the

ALJ issued an adverse decision concluding Plaintiff was not disabled.  (Tr.  17-36).  The Appeals

Council declined Plaintiff's request for review.  (Tr. 7-8).  Plaintiff appealed to the United States

District Court for the Eastern District of Arkansas.  In a decision dated September 2, 2003, this

Court remanded the case for further proceedings.

A third hearing was held on June 30, 2004. (Tr.  766-89).   The ALJ issued an

unfavorable decision on November 18, 2004 and the Appeals council declined jurisdiction on November 10, 2005. (Tr. 473-77, 485-93). Thus, the June 30, 2004 decision stands as the final decision of the Commissioner and it is from this decision that Plaintiff seeks judicial review.

On April 16, 2001 Plaintiff filed another application for SSI and was awarded benefits on August 16, 2002. Therefore, only the period January 3, 1995 through April 16, 2001 is at issue.

Plaintiff was forty-eight years old at the time of the third hearing. (Tr. 769). He completed the eight grade and has a GED. (Tr. 770). His past relevant work includes truck driver, farm laborer and carpenters helper. He alleges bad back, gout in his feet, high blood pressure, diabetes, blind in one eye, migraine headaches, dizzy spells and depression. (Tr. 769-81).

The ALJ found that while Plaintiff's impairments were severe within the meaning of the Act, Plaintiff did not have an impairment nor a combination of impairments listed in, or medically equal to one in Appendix 1, Subpart P, Regulations No. 4. (Tr. 489). The ALJ found that Plaintiff retained the functional capacity to perform numerous unskilled jobs consistent with his abilities and limitations. (Tr. 492). The parties have briefed the issues.

In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971).

In assessing the substantiality of the evidence, the Court must consider evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993).

The ALJ evaluated the evidence in Plaintiff's case by way of a sequential evaluation process established by the Social Security Administration.[1] 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of his disability (Tr.488). Next, the ALJ determined whether Plaintiff had a "severe" impairment. The ALJ found that the record established that the Plaintiff has a history of a remote laminectomy in 1973; gout, a blind right eye; some hearing loss; hypertension; obesity; non insulin dependent diabetes mellitus; depression and a pain disorder associated with psychological factors. (Tr. 488-89). However, the ALJ found that Plaintiff did not have an impairment nor a combination of impairments listed in, or medically equal to one list in Appendix 1, Subpart P. Regulations No. 4. (Tr. 489).

The ALJ determined that Plaintiff retained the functional capacity to perform unskilled

---

[1]In determining whether a claimant is entitled to disability benefits, the ALJ performs a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the residual functional capacity to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the ALJ at the fifth step to prove that there are other jobs in the national economy that the claimant can perform. *See id.* §§ 404.1520, 416.920.

sedentary jobs existing in significant numbers in the national economy. (Tr. 492). Thus,

Plaintiff was found not to be under a "disability" as defined in the Social Security Act at any time

through April 16, 2001.

Plaintiff contends that the ALJ improperly determined his residual functional capacity for

limited sedentary work. Specifically, Plaintiff claims that the ALJ erred by (1) not giving

substantial or controlling weight to he medical opinions of William J. Mattox, M.D. and John D.

Ashley, M.D., (2) discounting his subjective complaints; (3) underestimating his mental

limitations; and (4) omitting any reference to his obesity.

The ALJ concluded that Plaintiff's impairments prevented him from standing all day long

and because of his psychological impairments, he was limited to performing unskilled work. (Tr.

492). In his question to the vocational expert, the ALJ stated that the hypothetical person had

Plaintiff's age, education, and work history; had some hearing loss; was blind in one eye, but

could still drive; had gout and high blood pressure; had problems with his feet that would keep

him from standing at least six hours in an eight-hour workday; and was limited to sedentary,

unskilled work. (Tr. 786-87). Based upon vocational expert testimony, the ALJ determined that

while Plaintiff could not perform his past relevant work, he was still able to perform other

unskilled, sedentary work existing in significant numbers in the national economy.

Plaintiff complains that the ALJ erred by not giving substantial or controlling weight to

the opinions of Dr. Mattox and Dr. Ashley. In a handwritten note dated November 6, 1996, Dr.

Mattox wrote: "Mr. Hamm has hypertension, gout, degenerative disc disease, arthritis, one eye,

and a chronic pain syndrome that prevents him from working. He presently is unable to work

and we expect him to continue in this condition." (Tr. 266). The Court is only able to find one

4

medical record evidencing treatment by Dr. Mattox, dated November 6, 1996. Plaintiff has not

established that Dr. Mattox had an ongoing treatment relationship with him. Further, even if Dr.

Mattox were a treating physician, a treating physician's conclusory statement of disability,

without supporting evidence, does not overcome substantial medical evidence supporting the

decision. *Loving v. Dept. of Health & Human Services*, 16 F. 3d 967, 971 (8th Cir. 1994).

  Plaintiff also argues that Dr. Mattox's opinion is consistent with an earlier opinion by Dr.

Ashley, a consultative physician who saw Plaintiff in May, 1995. Dr. Ashley was a consultative

examiner specifically hired by Plaintiff to help secure benefits. ( Tr. 28, 155). He opined that

Plaintiff was unable to work due to osteoarthritis and depression. However, the medical findings

by a consultative physical examiner, J. Garrett Kinley, M.D. in March, 1995 indicated that

Plaintiff retained the ability to perform light work. (Tr. 146-53). Further, Professor Eleanor A.

Lipsmeyer, evaluated Plaintiff in January, 1997, and found that Plaintiff's bones, joints and

extremities were normal except for mild swelling of the PIP's. Plaintiff's knees and feet were

normal. Rheumatoid factor and ANA testing was normal and Plaintiff's ESR's were only mildly

elevated. (Tr. 293-94). Dr. Lipsmeyer opined that Plaintiff did not have rheumatoid arthritis

and concluded that Plaintiff's problems were morbid obesity, hypothyroidism, non insulin

dependent diabetes mellitus and gout. She placed Plaintiff on conservative treatment for

fibromyalgia and joint pain. (Tr. 294). *See Gowell v. Apfel*, 242 F. 3d 793, 796 (8th Cir. 2001)

(in evaluating credibility, ALJ can consider fact that physicians prescribed only conservative

treatment.).

  Dr. Birmingham in an examinations dated March 28, 1996 and November 17, 1998 found

that Plaintiff was open and honest in the presentation of his information but he unconsciously

exaggerated his symptoms to the extent that they appeared disabling. (Tr. 174-77, 346-351).

Dr. Birmingham stated that Plaintiff appeared intellectually and emotionally capable of

understanding, carrying out and remembering instructions as well as responding appropriately to

supervision, coworkers and work pressure. (Tr. 177). In addition, Dr. Birmingham assessed

Plaintiff's global assessment of functioning around 65. (Tr. 177, 351).

Because Plaintiff was approved for benefits as of April 2001, the court finds that a current

consultative examination would not have provided any additional evidence as to the extent of

Plaintiff's limitations before April 2001. Accordingly, the ALJ was correct in relying on the

record as it existed at the time of the hearing. The record as it existed provided sufficient

evidence with which to decide Plaintiff's RFC as it existed prior to April 2001. The Court

updated the medical record, reassessed the Plaintiff's RFC and obtained vocational testimony.

The ALJ considered the opinions of Drs. Ashley and Mattox but found them unpersuasive in

light of the overall record.

Plaintiff complains that the ALJ erred in discounting his subjective complaints. The

Court finds the ALJ's opinion to be complete and well reasoned. The ALJ recited the relevant

standards for assessing credibility and throughout his opinion, noted evidence that showed

Plaintiff's daily living complaints were not consistent with the medical findings. Plaintiff

complained that he could sit for 30 minutes, stand for 15, minutes and walk for 20 minutes, that

he could not bend and could not lift more than a gallon of milk. (Tr. 774-75). He also indicated

that he has emotional problems. However, Plaintiff is able to take care of his personal needs,

drives, visits with friends and relatives and lives with his girlfriend and cares for his one year old

child. The ALJ acknowledged the Plaintiff's complaints but found the symptoms suffered by the

Plaintiff to not be of a duration, frequency, or intensity as to be disabling. (Tr. 491). In

assessing the Plaintiff's credibility, the ALJ also properly considered Plaintiff's work record

which demonstrates low earnings, Plaintiff has never earned more than $2,800 in one year and

has earned less than $30,000 over the course of his life. (Tr. 491). *Fredrickson v. Barnhart*,

359 F. 3d 972 (8th Cir. 2004). The Court finds that the ALJ sufficiently considered the combined

effect of Plaintiff's physical impairments and complaints of pain. However, the ALJ discounted

the severity of Plaintiff's complaints based upon the objective medical evidence and the lack of

aggressive treatment. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)(A failure to seek

aggressive treatment is not suggestive of disabling back pain.) The ALJ found that the objective

medical evidence did not show a condition that could reasonably be expected to produce the

disabling pain and limitation alleged by the Plaintiff. *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th

Cir. 1990). The Court finds that the ALJ properly supported his findings that Plaintiff's

testimony lacked credibility.

Although Plaintiff testified his blood pressure fluctuated, the ALJ concluded that

Plaintiff's blood pressure was under control with medication. This conclusion is supported by

the medical records. (Tr. 199, 259, 262, 337, 338, 345, 382, 421, 422, 425, 443, 444, 445, 447).

Further, the ALJ considered Plaintiff's mental limitations. (Tr. 489-90). The ALJ found that

Plaintiff had moderate deficiencies of concentration, persistence or pace as a result of his mental

impairments and this ultimately led the ALJ to limit Plaintiff to unskilled work (Tr. 490-92).

The medical record supports the ALJ's conclusion that Plaintiff's mental impairments would not

preclude him from performing unskilled work. (Tr. 492-93). The record further supports the

conclusion that Plaintiff's depression is controlled with medication. (Tr. 307, 308, 391-92, 401,

403-05).

Plaintiff further contends that the ALJ failed to properly consider his obesity. The Court

disagrees. The ALJ acknowledged Plaintiff's obesity, (Tr. 489, 492), but he did not find any

work-related limitations. The ALJ considered Plaintiff's limitations, as well as his daily level of

activity, the ALJ concluded that Plaintiff's medically determinable impairments do not prevent

him from performing a number of unskilled sedentary jobs. (Tr. 492). He evaluated Plaintiff's

subjective complaints in light of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found they

lacked credibility. (Tr. 490-91). He made express credibility findings and gave reasons for

discrediting the Plaintiff's testimony. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996).

"To require a more elaborate articulation of the ALJ's thought processes would not be

reasonable." *Gooch v. Secretary of H.H.S.,* 833 F.2d 589, 592 (6th Cir. 1987), *cert. denied*, 484

U.S. 1075 (1988).

In summary, the Court finds that there is substantial evidence in the record to support the

Commissioner's denial of Supplemental Security Income Benefits to Plaintiff. It is clear, as the

ALJ pointed out, that Plaintiff suffers from some hearing loss, blindness in one eye, gout, high

blood pressure, foot problems, psychological impairments and has a history of non insulin

dependent diabetes mellitus and obesity. However, there is sufficient evidence in the record to

support the ALJ's assessment that Plaintiff was not precluded from performing a number of

unskilled sedentary jobs including assembler and cashier during the relevant time period.

Accordingly, Plaintiff's appeal is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this 12th day of March, 2007.

James M. Moody
United States District Judge